UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

STEPHEN KRAKOWER,

                              Plaintiff,                  **ANSWER**

   -against-

CONTINENTAL PLANTS GROUP, LLC,              Civil Action No.
REID KRAKOWER and ANDREW LEVINSON,      1:14-cv-01036-LEK-DEP

                              Defendants.

---

Defendants, Continental Plants Group, LLC ("CPG"), Reid Krakower ("RK") and Andrew Levinson ("AL"), as and for their Answer to Plaintiff's Complaint, dated July 21, 2014 (hereinafter "the Complaint"), by and through their undersigned attorneys McNamee, Lochner, Titus & Williams, P.C., hereby respond as follows:

## INTRODUCTION

With respect to the allegations contained in Paragraph "Introduction" of the Complaint, defendants admit that plaintiff purports to assert that he has commenced an action based on certain legal theories, and deny all remaining allegations contained in this Paragraph.

## THE PARTIES

1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph "1" of the Complaint.

2.     Defendants admit the allegations contained in Paragraph "2" of the Complaint.

3.     Defendants admit the allegations contained in Paragraph "3" of the Complaint.

4.     Defendants admit the allegations contained in Paragraph "4" of the Complaint.

## JURISDICTION AND VENUE

5.   With respect to the allegations contained in Paragraph "5" of the Complaint, defendants admit that plaintiff purports to invoke the personal jurisdiction of this Court over CPG, and deny all remaining allegations contained in this paragraph.

6.   With respect to the allegations contained in Paragraph "6" of the Complaint, defendants admit that plaintiff purports to invoke the personal jurisdiction of this Court over RK, and deny all remaining allegations contained in this paragraph.

7.   With respect to the allegations contained in Paragraph "7" of the Complaint, defendants admit that plaintiff purports to invoke the personal jurisdiction of this Court over AL, and deny all remaining allegations contained in this paragraph.

8.   With respect to the allegations contained in Paragraph "8" of the Complaint, defendants admit that plaintiff purports to reside in the County of Saratoga and deny all remaining allegations contained in this paragraph.

## FACTUAL BACKGROUND

**Continental's Business**

9.   With respect to the allegations contained in Paragraph "9" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

10.   With respect to the allegations contained in Paragraph "10" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

11.   With respect to the allegations contained in Paragraph "11" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

12.   With respect to the allegations contained in Paragraph "12" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

13. With respect to the allegations contained in Paragraph "13" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

14. With respect to the allegations contained in Paragraph "14" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

15. With respect to the allegations contained in Paragraph "15" of the Complaint, defendants admit that CPG performs the services alleged, as well as other services not alleged.

**Krakower's Job Duties at Continental**

16. With respect to the allegations contained in Paragraph "16" of the Complaint, defendants refer to the content of the writing referenced therein, and to the extent Plaintiff has mis-characterized or otherwise inaccurately paraphrased the content of said writing, Defendants deny such allegations, including the allegation that said e-mail constituted an offer of employment

17. With respect to the allegations contained in Paragraph "17" of the Complaint, defendants deny that the referenced e-mail represented a "job offer", but admit that Plaintiff began providing services to CPG at or about the time frame alleged.

18. With respect to the allegations contained in Paragraph "18" of the Complaint, defendants admit that the individuals referenced were employed by CPG, and held the positions referenced therein, but deny the remaining allegations set forth therein.

19. With respect to the allegations contained in Paragraph "19" of the Complaint, defendants admit that CPG is a small company, and that individuals often perform multiple roles, but deny the remaining allegations set forth therein.

20. With respect to the allegations contained in Paragraph "20" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or

did not do, however, CPG funded the cost of maintaining office space that Plaintiff was able to use, and that Plaintiff did travel from time to time.

21.    With respect to the allegations contained in Paragraph "21" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, however, defendants admit that Plaintiff had the discretion to choose the manner in which to complete the necessary tasks on a project-by-project basis.

22.    With respect to the allegations contained in Paragraph "21" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, however, defendants admit that Plaintiff had the discretion to choose the manner in which to complete the necessary tasks on a project-by-project basis, and also admit that Plaintiff's activities involved intermittent travel.

23.    With respect to the allegations contained in Paragraph "23" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, however, defendants admit that Plaintiff had the discretion to choose the manner in which to complete the necessary tasks on a project-by-project basis, and also admit that Plaintiff's activities involved intermittent travel.

24.    With respect to the allegations contained in Paragraph "24" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, however, defendants deny that CPG tasked Plaintiff to engage in "business development".

25.    With respect to the allegations contained in Paragraph "25" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, however, defendants deny that CPG tasked Plaintiff to engage in "identifying . . .

prospective client[s]", and admit that Plaintiff was tangentially involved in conversations concerning the process of preparing proposals for services.

26. Defendants deny the allegations contained in Paragraph "26" of the Complaint.

27. Defendants deny the allegations contained in Paragraph "27" of the Complaint.

28. Defendants deny the allegations contained in Paragraph "28" of the Complaint.

29. Defendants deny the allegations set forth in Paragraph "29", but admit that Plaintiff was paid for all services that he rendered to CPG, and that CPG reimbursed reasonable travel expenses relating to the work performed.

**Continental Suspends Krakower's Pay**

30. With respect to the allegations contained in Paragraph "30" of the Complaint, defendants deny that AL made the specific representations alleged, but admit that, at or about the time alleged, CPG informed Plaintiff that his services were no longer needed on a regular basis, and the CPG would consider using Plaintiff's services on an intermittent and project-specific basis going forward.

31. With respect to the allegations contained in Paragraph "31" of the Complaint, defendants deny that AL made any representation to Plaintiff to the effect that Plaintiff would not be paid for "earned wages".

32. With respect to the allegations contained in Paragraph "32" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff did or did not do, and what Plaintiff did or did not "want[] to do".

33. With respect to the allegations contained in Paragraph "33" of the Complaint, defendants deny knowledge or information sufficient to form a belief as to what Plaintiff "believed", but deny that CPG's actions or statements suggested, or otherwise communicated a

reasonable basis to believe, that Plaintiff would be paid an annual salary, despite being informed that CPG no longer needed his services on a regular basis, but that his services would be requested on an intermittent and project-by-project basis instead.

**Continental Does Not Pay Krakower All His 2009 Earned Wages**

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint.

36. Defendants deny the allegations contained in Paragraph "36" of the Complaint.

37. Defendants deny the allegations contained in Paragraph "37" of the Complaint.

38. Defendants deny the allegations contained in Paragraph "38" of the Complaint.

**Continental Does Not Pay Krakower All His 2010 Earned Wages**

39. Defendants deny the allegations contained in Paragraph "39" of the Complaint.

40. Defendants deny the allegations contained in Paragraph "40" of the Complaint, but admit that Plaintiff was paid for all services actually rendered by him on behalf of CPG, and all reasonable expenses incurred by him in connection with the rendering of such services, were reimbursed.

41. Defendants deny the allegations contained in Paragraph "41" of the Complaint.

42. Defendants deny the allegations contained in Paragraph "42" of the Complaint.

**Continental Does Not Pay Krakower All His 2011 Earned Wages**

43. Defendants deny the allegations contained in Paragraph "43" of the Complaint.

44. With respect to the allegations contained in Paragraph "44" of the Complaint, Defendants admit that CPG paid Plaintiff the sum of $30,000 in 2011, and reimbursed him for certain expenses incurred during that time, but deny the remaining allegations of this Prapagraph.

45. Defendants deny the allegations contained in Paragraph "45" of the Complaint.

46. Defendants deny the allegations contained in Paragraph "46" of the Complaint.

**Despite Multiple Requests, Continental Refused to Pay Krakower All His Earned Wages**

47. Defendants deny the allegations contained in Paragraph "47" of the Complaint.

48. Defendants deny the allegations contained in Paragraph "48" of the Complaint.

49. Defendants deny the allegations contained in Paragraph "49" of the Complaint.

50. Defendants deny the allegations contained in Paragraph "50" of the Complaint.

51. Defendants deny the allegations contained in Paragraph "51" of the Complaint.

52. Defendants deny the allegations contained in Paragraph "52" of the Complaint.

53. Defendants deny the allegations contained in Paragraph "53" of the Complaint.

54. Defendants deny the allegations contained in Paragraph "54" of the Complaint.

55. Defendants admit the allegations contained in Paragraph "55" of the Complaint.

56. With respect to the allegations contained in Paragraph "56" of the Complaint, defendants admit that Plaintiff transmitted a self-serving e-mail, dated January 9, 2012, and defendants refer to the text of that e-mail for an accurate rendition of its contents. To the extent Paragraph "56" fails to accurately reflect the content of that e-mail, defendants deny such allegations.

57. Defendants deny the allegations contained in Paragraph "57" of the Complaint.

58. Defendants deny the allegations contained in Paragraph "58" of the Complaint.

### COUNT I (FLSA Minimum Wage and Overtime Violation)
### (Against All Defendants)

59. With respect to the allegations contained in Paragraph "59" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

60. Defendants neither admit nor deny the allegations contained in Paragraph "60" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

61. Defendants neither admit nor deny the allegations contained in Paragraph "61" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

62. Defendants deny the allegations set forth in Paragraph "62" of the Complaint.

63. With respect to the allegations contained in Paragraph "63" of the Complaint, defendants admit that RK and AL were involved in the day-to-day operations of CPG, and that each had certain responsibilities and authority as concerns CPG, but deny the remaining allegations of said Paragraph.

64. The allegations contained in Paragraph "64" of the Complaint call for legal conclusions to which no response is required. To the extent that a response is required, defendant denies the allegations contained in this Paragraph.

65. Defendants deny the allegations contained in Paragraph "65" of the Complaint.

66. Defendants deny the allegations contained in Paragraph "66" of the Complaint.

67. Defendants deny the allegations contained in Paragraph "67" of the Complaint.

68. Defendants deny the allegations contained in Paragraph "68" of the Complaint.

<div style="text-align: center;">

**COUNT II (NYLL Unpaid Wage Violation)**
**(Against All Defendants)**

</div>

69. With respect to the allegations contained in Paragraph "69" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

70. Defendants neither admit nor deny the allegations contained in Paragraph "70" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

71. Defendants neither admit nor deny the allegations contained in Paragraph "71" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

72. Defendants neither admit nor deny the allegations contained in Paragraph "72" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph

73. Defendants deny the allegations contained in Paragraph "73" of the Complaint.

74. Defendants deny the allegations contained in Paragraph "74" of the Complaint.

### COUNT III (NYLL Minimum Wage and Overtime Violation)
### (Against All Defendants)

75. With respect to the allegations contained in Paragraph "75" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

76. Defendants neither admit nor deny the allegations contained in Paragraph "76" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

77. Defendants neither admit nor deny the allegations contained in Paragraph "77" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph.

78. Defendants neither admit nor deny the allegations contained in Paragraph "78" of the Complaint to the extent that they call for legal conclusions, respectfully refer the Court to the statute(s) referenced by plaintiffs, and deny all remaining allegations contained in this Paragraph

79. Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80. Defendants deny the allegations contained in Paragraph "80" of the Complaint.

81. Defendants deny the allegations contained in Paragraph "81" of the Complaint.

### COUNT IV (NYLL Spread of Hour Violation)
### (Against Both Defendants)

82. With respect to the allegations contained in Paragraph "82" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

83. Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84. Defendants deny the allegations contained in Paragraph "84" of the Complaint.

85. Defendants deny the allegations contained in Paragraph "85" of the Complaint.

86. Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87. Defendants deny the allegations contained in Paragraph "87" of the Complaint.

### COUNT V (NYLL Statement of Wages Violation)
### (Against All Defendants)

88. With respect to the allegations contained in Paragraph "88" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

89. Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90. Defendants deny the allegations contained in Paragraph "90" of the Complaint.

91. Defendants deny the allegations contained in Paragraph "91" of the Complaint.

## COUNT VI (Breach of Contract)
## (Against Continental)

92. With respect to the allegations contained in Paragraph "92" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

93. Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94. Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95. Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96. Defendants deny the allegations contained in Paragraph "96" of the Complaint.

## COUNT VII (Unjust Enrichment)
## (Against Continental)

97. With respect to the allegations contained in Paragraph "97" of the Complaint, defendants reallege and incorporate by reference their answers to all previous paragraphs, as if set forth fully herein.

98. Defendants deny the allegations contained in Paragraph "98" of the Complaint.

99. Defendants deny the allegations contained in Paragraph "99" of the Complaint.

100. Defendants deny the allegations contained in Paragraph "100" of the Complaint.

## AFFIRMATIVE DEFENSES

Defendants allege the following separate and independent affirmative defenses to the Complaint, without assuming the burden of proof where such burden is otherwise on Plaintiff pursuant to applicable substantive or procedural law.

## FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

3. Plaintiff is not entitled to overtime compensation because he was exempt from the overtime provisions of the Fair Labor Standards Act under one or more exemptions, or combination of exemptions.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff is exempt from coverage under the New York Labor Law, and therefore not entitled to overtime compensation.

## FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the Fair Labor Standards Act or state law.

## SIXTH AFFIRMATIVE DEFENSE

6. If Defendants' failure to pay overtime wages was unlawful, although such is not admitted, Defendants had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

## SEVENTH AFFIRMATIVE DEFENSE

7. Defendants' failure to pay Plaintiff overtime wages was in good faith in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice and/or enforcement policy of the United States Department of Labor.

### EIGHTH AFFIRMATIVE DEFENSE

8. Defendants had a good faith basis to believe that any underpayment of wages to Plaintiff was in compliance with the New York Labor Law, and therefore Plaintiff is not entitled to a liquidated damages payment under the New York Labor Law.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff has not sustained any injury or damage by reason of any act or omission of Defendants.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff has received full payment for all work performed

### ELEVENTH AFFIRMATIVE DEFENSE

11. Defendants are entitled to an offset against any amounts due (which are denied), an amount equal to the amount Defendants paid, or overpaid, the Plaintiff, including any amounts paid to the Plaintiff under the "fluctuating workweek" provisions of the Fair Labor Standards Act.

### TWELFTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims for relief are barred because any recovery from Defendants would result in the unjust enrichment of Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

13. The Complaint fails, in whole or in part, because the claims contained therein are barred by the wage and hours' *de minimis* exception.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Plaintiff's claims relate in part to alleged time constituting preliminary and postliminary activities under the Portal to Portal Act.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint fails, in whole or in part, because Plaintiff may not recover liquidated damages and/or prejudgment interest.

## SIXTEENTH AFFIRMATIVE DEFENSE

16. The Complaint fails, in whole or in part, because the claims contained therein are barred by the labor law preemption doctrine.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17. One or more of Plaintiff's claims are barred by the Statute of Frauds.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18. One or more of Plaintiff's claims are barred by Plaintiff's material breach of contract.

## NINETEENTH AFFIRMATIVE DEFENSE

19. One or more of Plaintiff's claims are barred by Plaintiff's anticipatory repudiation.

## TWENTIETH AFFIRMATIVE DEFENSE

20. One or more of Plaintiff's claims are barred by the absence of consideration.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21. One or more of Plaintiff's claims are barred by the doctrine of waiver.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22. One or more of Plaintiff's claims are barred by the doctrine of release.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. One or more of Plaintiff's claims are barred by the doctrine of novation.


## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. One or more of Plaintiff's claims are barred by the doctrine of estoppel.

Defendants presently have insufficient knowledge or information as to whether they may have additional, yet unasserted, affirmative defenses. Defendants therefore reserve the right to assert additional affirmative defenses in the event discovery or further proceedings indicate such additional defenses would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, defendants respectfully request that this Court enter an order dismissing the Complaint herein, with prejudice, and with an award of all appropriate fees and costs to defendants, including legal fees, together with such other and further relief as to the Court may seem just and reasonable.

Dated: Albany, New York
September 30, 2014

McNAMEE, LOCHNER, TITUS & WILLIAMS, P.C.

BY: _____
Scott A. Paton, Esq.
Bar Roll No. 508176
*Attorneys for Defendants*
677 Broadway
Albany, New York 12201-0459
518-447-3200
E-mail: paton@mltw.com

TO: Michael L. Koenig, Esq.
    HINCKLEY, ALLEN & SNYDER LLP
    *Attorneys for Plaintiff*
    30 South Pearl Street, Suite 901
    Albany, New York  12207
    518-396-3100